## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

TOBY HOY, individually and on behalf of a   :   Case No.
class of all persons and entities similarly   :
situated,   :
  :
     Plaintiff,   :
  :
v.   :
  :
PREMIER HEALTH INSURANCE OF   :
IOWA, LLC   :
  :
     Defendant._____   :

_____/

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.      Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive

telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace."  *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      The Plaintiff Toby Hoy alleges that Premier Health Insurance of Iowa, LLC ("Premier Health") made unsolicited telemarketing calls without his prior express consent and that such calls were made to numbers listed on the National Do Not Call Registry.

4.      Because telemarketing campaigns are capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

5.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6.      Plaintiff Toby Hoy is a resident of Iowa, in this District.

7.    Defendant Premier Health Insurance of Iowa, LLC is an Iowa limited liability company with a registered agent of Robert J. O'Shea, 1007 Longfellow Dr. Hiawatha, IA 52233.

## Jurisdiction & Venue

8.    The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9.    The Court has personal jurisdiction over the Defendant because it conducts its telemarketing activity into this District, as it did with the Plaintiff and is a resident of this District.

10.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and received the calls at issue in this District.

## The Telephone Consumer Protection Act

11.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy [.]"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

12.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

14.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Factual Allegations**

15.     Premier Health markets and sells insurance services.

16.     Premier Health uses telemarketing to offer its services.

Calls to Mr. Hoy

17.     Mr. Hoy is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

18.     Mr. Hoy's residential telephone line is (515) 808-XXXX, a number that he put on the National Do Not Call Registry in January of 2021.

19.     The number is used for personal purposes and is not associated with a business.

20.     Despite this, the Plaintiff received telemarketing calls from the Defendant on June 2, 25 and July 24 (twice), 2023.

21.     The caller identified that they were calling from "Senior Benefits" on each of the calls.

22.     That is a telemarketing script name used by the Defendant.

23.     The calls advertised health insurance services, which are those offered by the Defendant.

24.     The Plaintiff was uninterested and ended each of the first three calls.

25.     On the final call, he was also asked for his age and zip code, and then speak with Gordon Freeman, an employee of the Defendant.

26.     Mr. Freeman continued to offer the Defendant's services.

27.     Mr. Freeman identified as an employee of the Defendant.

28.     Plaintiff and all members of the classes defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance.  The calls also occupied Plaintiff's and class members' telephone lines and prevented them from received legitimate communication.

## Class Action Allegations

29.     As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a Class of all other persons or entities similarly situated throughout the United States.

30.     The Class of persons Plaintiff proposes to represent is tentatively defined as:

> **National Do Not Call Registry Class**: All persons in the United States who (1) within four years prior to the commencement of this litigation until trial (2) received two or more telemarketing call on their residential line (3) from or on behalf of Defendant (4) to a telephone number that was registered with the National Do Not Call Registry (5) for more than 30 days at the time of each call.

31.     The Class defined above is identifiable through phone records, phone number databases, and business and customer records of Defendant.

32.     Based on the *en masse* nature of telemarketing, the potential members of the Class likely number at least in the thousands.

33.     Individual joinder of these persons is impracticable.

34.     The Plaintiff is a member of the Class.

35.     There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

(a) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

(b) whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class; and

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

36.     Plaintiff's claims are typical of the claims of members of the Class.

37.     Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

38.     Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

39.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Violations of the Telephone Consumer Protection Act
(47 U.S.C. 227, et seq. and 47 C.F.R. §§ 64.1200(c))
on behalf of Plaintiff and the National Do Not Call Registry Class**

40.     Defendant violated the TCPA and the Regulations by making, or having its agent make, two or more telemarketing calls within a 12-month period on Defendant's behalf to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

41.      As a result of the Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5) or $1,500 for any violation that was knowing or willful.

42.      Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising insurance goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.      Injunctive relief prohibiting Defendant from making telephone calls advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

B.      As a result of Defendant's negligent, willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the Class up to treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.      Such other relief as the Court deems just and proper.

# JURY DEMAND

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By their attorneys,

*/s/ Eric S. Mail*
Eric S. Mail AT0011435
**P U R Y E A R L A W P. C .**
3719 Bridge Ave, Suite 6
Davenport, IA 52807
(P): 563.265.8344
mail@puryearlaw.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
*Subject to Pro Hac Vice*